IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERT T. OWENS, JR.,
Inmate No. 193166,
    Plaintiff,

vs.                                      Case No.: 3:15cv300/RV/EMT

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on July 6, 2015, and subsequently an amended complaint on July 16, 2015 (docs. 1, 4).

    The court takes judicial notice of three cases previously filed by Plaintiff in the United States District Court which have been previously dismissed by the district court as frivolous and for failing to state a claim upon which relief may be granted.[1]

    Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] The inmate number of the plaintiff in those cases (#193166) is the same as Plaintiff's.

In fact, Plaintiff's status as a prisoner with "three strikes was recently determined in another civil rights complaint he previously filed in this district, Case No. 3:15cv164/MCR/CJK. As provided in that case:

> Plaintiff is subject to the three-strikes bar of § 1915(g), having had at least three prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Owens v. Fla. Dep't of Corr.*, No. 2:13cv14228-JEM, (S.D. Fla. Oct. 15, 2013) (dismissing plaintiff's prisoner civil rights action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted), *appeal dismissed as frivolous*, No. 13-14918-B, (11th Cir. Mar. 25, 2014); *Owens v. Tucker*, Case No. 2:13cv14061-KMM, (S.D. Fla. Apr. 29, 2013, and Aug. 2, 2013) (dismissing plaintiff's prisoner complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted), *affirmed*, No. 13-13651, [602] F. App'x [475], 2015 WL 794910 (11th Cir. Feb. 26, 2015).

Case No. 3:15cv164/MCR/CJK, doc. 4 at 2 (Report and Recommendation, adopted by court and judgment entered on May 18, 2015 (docs. 6, 7)) (footnote omitted). Thus, Plaintiff's status as a "three striker" has already been recognized by this court.

In the instant complaint, Plaintiff claims that, on two separate occasions, one on March 5, 2015, and the other on April 14, 2015, officers at his prison dropped one of his medication pills either onto the floor or onto his cell door flap but continued to attempt to serve him the pill. Plaintiff refused the pill. Plaintiff asserts that this sort of activity has continued. He states that the pills are for his epilepsy, and without them he has and will suffer from headaches, dizziness, and myoclonic seizures. Plaintiff states that his grievances regarding these pill-delivery incidents have been denied and that his requests for medical examinations after these incidents were not granted.

As indicated above, a prisoner with three strikes is unable to proceed in forma pauperis unless he is under imminent danger of serious physical injury, which the court must determine from the complaint. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must construe the complaint liberally and accept the allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v.

Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury.  The alleged altercations between him and the defendant wholly appear to be isolated incidents; indeed, the two incidents that Plaintiff relates occurred a month apart.  Moreover, to the extent that Plaintiff's injury could even approach that of the imminent danger standard, Plaintiff has the evident ability to avoid that danger.  After all, it is he who refused his medication after one of the pills fell to the floor in each of his reported incidents.  That Plaintiff may be concerned over germs or simply the humiliation of being presented with the pills that fell to the floor, these matters by themselves hardly present the court with the likelihood of imminent and serious injury.  And, of course, Plaintiff's allegations regarding his grievance denials and actions by officials in the aftermath of the pill incidents do not establish a case of imminent injury.

Because Plaintiff fails to meet the imminent injury requirement of section 1915(g), he is not eligible to proceed in forma pauperis.  Since Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed.  Leave should not be provided to allow him to pay the fee.  Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, his failure to do so warrants

dismissal without prejudice.  <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).  Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

**DONE AND ORDERED** this 23rd day of July 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**